## Commonwealth v. Phaler

*Stephen Teller*, District Attorney, and *Bernard J. Podcasy*, Assistant District Attorney, for Commonwealth.·

*Frederic Phaler*, defendant, p.p.

PINOLA, J., April 29, 1960.—Defendant was arrested by State trooper Petrill for operating a truck-tractor on February 15, 1960, in Plains Township, without flaps, as required by section 830 of The Vehicle Code.

Defendant cited to the court the decision of Judge Atkins of York County in Commonwealth v. Scarborough, 17 D. & C. 2d 764, holding that such a vehicle need not be equipped with flaps under The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §407.1.

The prosecutor does not agree with the decision and has asked that we write an opinion.

Under The Vehicle Code of April 29, 1959, P. L. 58, we come to the same conclusion as that reached by Judge Atkins.

The truck-tractor was being operated without any equipment being attached. There was no trailer or any other vehicle attached to it.

In section 102 of The Vehicle Code of 1959, a commercial vehicle is defined as:

"Any motor vehicle designed for carrying freight or merchandise: Provided, however, That a motor vehicle, originally designed for passenger transportation, to which has been added a removable box body without materially altering said motor vehicle, when owned and used by a farmer, shall not be deemed a 'commercial motor vehicle' for the purpose of this act:

And further provided, That any motor vehicle of the bus type, operated under contract with or owned by any school district, private school or parochial school of this Commonwealth for the transportation of school children or children between their homes and Sunday school, shall be deemed a 'commercial motor vehicle.' "

In the same section a truck-tractor is defined as:

"Any self-propelled motor vehicle designed and used primarily for drawing other vehicles, and not so constructed as to carry a load, other than a part of the weight of the vehicle and load so drawn."

The operation with flaps is governed by section 830 of the code which reads as follows:

"Every commercial motor vehicle and every combination of a commercial motor vehicle and trailer or of a truck-tractor and semi-trailer, when used on a highway, shall be so constructed or equipped as to bar water or other road surface substances thrown from the rear wheels of such vehicle or combination at tangents exceeding twenty-two and one-half (22½) degrees, measured from the road surface, from passing in a straight line to the rear of such vehicle or combination."

It is obvious from these definitions that when it referred to a commercial motor vehicle the legislature did not have in mind a truck-tractor.

As Judge Atkins pointed out, this is further indicated in the licensing or registration fee provisions of the code. Sections 704, 705-A, 705-B and 706, all refer to commercial motor vehicles and truck-tractors, showing that commercial vehicles are not considered truck-tractors.

Since a penal provision is involved, we are required to construe it strictly, and under the circumstances, we hold that the legislature did not intend to include truck-tractors, when being operated without any other vehicle attached thereto, in the definition of com-

mercial motor vehicle, and therefore find that defendant is not guilty under the evidence presented.

Accordingly, we enter the following

### Order

Now, April 29, 1960, at 12 noon, upon consideration of all the testimony, we find defendant not guilty, the costs to be paid by the county.